IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SCARLETT DALTON, individually
and as Executrix of the Estate of Larry Brooks                                          PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:15-CV-000134-SA-SAA

RICHARD HUGH MCLARTY                                                                    DEFENDANT

MEMORANDUM OPINION

Plaintiff Scarlett Dalton, proceeding individually and as Executrix of the Larry Brooks Estate, initiated this action against Defendant Richard McLarty, claiming that he breached fiduciary duties as managing member of Equity Capital Management, LLC. The Court *sua sponte* raised the issue of Plaintiff's standing. Both parties and Equity (who seeks to intervene) have filed briefs. The Court has considered their submissions, the record, and the relevant authorities, and finds as follows:

*Facts and Procedural History*

Furniture manufacturer Albany Industries Incorporated redeemed the ownership interest of several of its shareholders in exchange for a promissory note, payable in quarterly installments of principle and interest. Those individuals then transferred their interests in the note to Equity, and in return, received ownership in Equity. At its formation, nine members comprised Equity: Defendant Richard McLarty, three of his family members, four current employees at Albany, and Larry Brooks. McLarty managed both Equity and Albany, and he and his family collectively own a voting majority in Equity. Brooks, now deceased, was succeeded by his daughter and Plaintiff in this case, Scarlet Dalton.

In 2012, Albany began to fall behind on its note to Equity. According to the complaint, at times Equity made interest-only payments, and since October 2015, it has ceased making

payments altogether. Following this alleged default, McLarty did not increase the note's interest rate as he was entitled to do under its terms. Plaintiff alleges that Defendant breached his fiduciary responsibilities to Equity by having a clear conflict of interest as manager of Albany, and by failing to hold Albany to its obligations. McLarty defends that enforcing the note would have been detrimental to Equity's likelihood of future collections from Albany. In September 2014, Equity officially voted to ratify Defendant's inaction and to change the company's structure from manager-management to member-management. In April of this year, Equity's members other than Plaintiff signed a "consent action" to terminate any litigation instituted by Plaintiff and to negotiate with Albany to restructure its debt.

Plaintiff commenced this action directly against Defendant,[1] and Equity sought to intervene and to deprive the Court of diversity jurisdiction. Because Equity's arguments rested on a threshold question, the Court ordered the parties to show cause as to Plaintiff's standing.

*Discussion and Analysis*

State law determines whether Dalton may maintain a direct action. *7547 Corp. v. Parker & Parsley Dev. Partners, L.P.*, 38 F.3d 211, 221 (5th Cir. 1994); *Croker v. FDIC*, 826 F.2d 347, 349 (5th Cir. 1987). Generally, under Mississippi law, an LLC's member suing for injuries sustained by the LLC has "merely derivative" rights and lacks standing to proceed on her own behalf. *Mathis v. ERA Franchise Sys., Inc.*, 25 So. 3d 298, 301 (Miss. 2009) (citations omitted).

There is an exception, however, for limited situations in which the entity is closely held, known as the *Derouen* doctrine. *Id.* (citing *Derouen v. Murray*, 604 So. 2d 1086 (Miss. 1992)). In such a case, Plaintiff may proceed apart from Equity if the Court finds that certain safeguards are present. *Investor Res. Servs. v. Cato*, 15 So. 3d 412, 424 (Miss. 2009). A direct action is permitted only if it will not (1) "unfairly expose" Equity or McLarty to multiple actions, (2)

---

[1] Plaintiff has made clear she does not seek to proceed derivatively on Equity's behalf.

materially prejudice Equity's creditors, or (3) "interfere with a fair distribution of the recovery among all interested persons." *Scafidi v. Hille*, 180 So. 3d 634, 646 (Miss. 2015) (citing *Derouen*, 604 So. 2d at 1094 n.2); *see also Photo Arts Imaging Prof'ls, LLC v. Best Buy Co., Inc.*, No. 2:10-CV-284-KS, 2011 WL 5860704, at *3 (S.D. Miss. Nov. 22, 2011). Application of the *Derouen* doctrine "is a question left to the discretion of the trial judge." *Scafidi*, 180 So. 2d at 649. Equity has no creditors; thus, Plaintiff must satisfy only the first and third safeguards.

In assessing these safeguards, Mississippi state and federal courts often consider whether all of the entity's members are present in the lawsuit. In cases where ownership interest is fully represented, the plaintiff is usually allowed to proceed directly. *See Scafidi*, 180 So. 3d at 649 (holding no danger of multiple suits or interference with fair distribution because plaintiff and defendant were the only two shareholders); *In re Estate of Thomas*, 28 So. 3d 627, 634-35 (Miss. Ct. App. 2009) (permitting direct action when all shareholders were party to the lawsuit); *Sundbeck v. Sundbeck*, No. 1:10-CV-23-SA, 2011 WL 4626828, at *1, *3 (N.D. Miss. Oct. 3, 2011) (finding safeguards met when plaintiffs and defendant collectively owned all common stock).

But where one or more owners are absent, courts hold that a direct action would unfairly expose the defendant and interfere with a fair distribution of recovery. *Photo Arts*, 2011 WL 5860704, at *3 (finding possibility of unfair exposure to multiple actions where one of the LLC's members was not a party); *Spiller v. Cherry*, No. 2:09-CV-044-P, 2009 WL 2982953, at *2 (refusing to permit direct action when two shareholders' absences resulted in "possibility of another action" and potential interference "with a fair distribution of the recovery").

There are seven members of Equity not in this lawsuit. These include three members with familial ties to Defendant and four current employees of Albany. Allowing Plaintiff to proceed

3

without them would expose Defendant to the possibility of multiple suits by the other members and could result in inequitable distribution of recovery. For example, a Defendant-favorable outcome could produce inconsistent results. A judgment here would be unenforceable against the members who are strangers to this action, as a matter of due process. *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 865 (5th Cir. 1985) (quoting *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)). On the other hand, a Plaintiff-favorable outcome may trigger complex issues of offensive non-mutual collateral estoppel in the event other shareholders wish to proceed against Defendant on the same grounds. *Parkland Hosiery*, 439 U.S. at 331-33, 99 S. Ct. 645.

These concerns, Plaintiff asserts, are not present given that the other members have "disavowed" any intent to sue him by consenting to terminate the litigation with Plaintiff and restructure Albany's debt. But if Plaintiff were allowed to proceed contrary to those members' wishes, they may then be forced to litigate against Defendant in order to protect their interests. The Court is aware of no principle that would preclude the members from doing so, and any argument to the contrary may have to be resolved in future litigation, were a direct action permitted here.

Plaintiff finally argues that a direct action is the only way she can legally protect her interest under Mississippi law. This is not so. Under Mississippi's LLC Act, Plaintiff may commence a derivative action on behalf of Equity if she can show that its other members have refused to bring suit or that they are unlikely to cooperate with a request to proceed against Defendant. MISS. CODE ANN. § 79-29-1101; *see also* MISS. CODE ANN. § 79-29-1109(5). These procedures achieve the two-fold effect of protecting a minority interest-holder who is treated

4

unfairly, while ensuring the LLC's business interests are not compromised. The direct action Plaintiff seeks would, in contrast, accommodate less than all involved.

For these reasons, the Court determines that Plaintiff may not proceed directly for harms suffered derivatively through her interest in Equity. Accordingly, she lacks standing, and the case must be dismissed without prejudice.[2]

*Conclusion*

Plaintiff's claims are hereby dismissed without prejudice for lack of standing. A separate order to that effect shall issue this day. CASE CLOSED.

SO ORDERED, this the 20th day of May, 2016.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] A dismissal for lack of standing should ordinarily be without prejudice. *Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015).